# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| KEITH STANLEY YOUNG, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | No. 4:06-CV-779-SNL |
| MICHAEL BOWERSOX, | ) ) ) | |
| Respondent. | ) | |

## ORDER AND MEMORANDUM

This matter is before the Court upon the application of Keith Stanley Young for leave to commence this action without payment of the required filing fee. *See* 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that the applicant is financially unable to pay any portion of the filing fee. Therefore, the Court grants petitioner leave to proceed in forma pauperis. In addition, the Court will not order a response to this petition but will dismiss it as time-barred.

**The petition**

Petitioner, an inmate at the Northeast Correctional Center, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner states that, on December 21, 1988, he pled guilty to forcible sodomy and stealing by way of an Alford plea. Petitioner states that he did not file a direct appeal. He states that the Missouri Court of Appeals denied his petition for writ of habeas corpus on May 6, 2004, and the Missouri Supreme Court denied his petition for writ of habeas corpus on May 31, 2005. Petitioner further states that he sought habeas relief in Washington County Circuit Court. Petitioner alleges, *inter alia*, that the trial court was deprived of jurisdiction and exceeded the

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

scope of its power; he was subjected to double jeopardy; and he received ineffective assistance of counsel.

In addition to the petition for a writ of habeas corpus, petitioner has filed a motion to stay the instant action on the ground that he has available state remedies that are unexhausted.

**Discussion**

Both 28 U.S.C. § 2243 and Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provide that a district court may summarily dismiss a petition for writ of habeas corpus if it plainly appears that the petitioner is not entitled to relief. A review of the instant petition indicates that it is time-barred under 28 U.S.C. § 2244(d)(1) and is subject to summary dismissal.

Petitioner states that he was convicted on December 21, 1988. Although petitioner states that he did not seek direct review, an automated search of WESTLAW indicates that the Missouri Court of Appeals affirmed his conviction on October 25, 1983. *See State v. Young,* 661 S.W.2d 637 (Mo.App. 1983). The Missouri Court of Appeals denied petitioner's motion for rehearing or transfer to the Missouri Supreme Court on November 30, 1983; the Missouri Supreme Court denied his application to transfer on January 17, 1984. *See id.* Petitioner did not petition for certiorari from the denial of his direct appeal to the United States Supreme Court.

At the latest, petitioner's one-year limitations period began to run ninety days from the final denial of his application to transfer, *i. e.,* on or about April 16, 1984. *See Smith v. Bowersox*, 159 F.3d 345, 347 (8th Cir. 1998) (holding that the running of the statute of limitations for purposes of § 2244(d)(1) is triggered either by the conclusion of all direct state criminal appeals followed by either the completion or denial of certiorari proceedings before the United States Supreme Court or, if certiorari was not sought, then by the conclusion of all direct state criminal appeals followed by the

2

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

expiration of the ninety-day time period for filing a petition for certiorari). Thus, the instant petition is time-barred because it was mailed to this Court approximately twenty-one years after the running of the one-year limitation period on or about April 16, 1985.

Furthermore, even though the limitations period is subject to equitable tolling, *see Paige v. United States*, 171 F.3d 559, 561 (8th Cir. 1999), petitioner has not asserted any facts that would cause the Court to conclude that equitable tolling applies in this case. "[E]quitable tolling is appropriate: (1) if there are 'extraordinary circumstances' beyond a movant's control that would keep him from filing in a timely fashion, . . . or (2) if the government's conduct 'lulled' him into inaction through reliance on that conduct." *United States v. Hernandez,* ---F.3d---, 2006 WL 240507, *5 (8th Cir. 2006) (*citing Maghee v. Ault*, 410 F.3d 473, 476 (8th Cir. 2005) (internal citation omitted). Petitioner has asserted no "extraordinary circumstances" not attributable to his own actions, *see Flanders v. Graves*, 299 F.3d 974, 971 (8th Cir. 2002), nor has he alleged that he was lulled into inaction by government conduct. *See Hernandez*, 2006 WL 240507 at *5. Accordingly, the Court finds that the period of limitations is not subject to equitable tolling in the instant action.

As to petitioner's motion for stay and abeyance pending exhaustion of state remedies, given the untimeliness of the instant petition, it is unclear to the Court how staying this matter would preserve petitioner's opportunity for federal habeas review. *See Rhines v. Weber*, 544 U.S. 269, 277, 125 S.Ct. 1528, 1535 (2005); *Sellers v. Burt*, 168 Fed. Appx. 132, 134 (8th Cir. 2006) (unpublished). Therefore, the Court determines that good cause justifying stay and abeyance is lacking, and the action will be dismissed, without prejudice,

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

pauperis [Doc. 1] be **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 because the petition is time-barred.

**IT IS FURTHER ORDERED** that petitioner's motion to stay [Doc. 4] be **DENIED**.

An appropriate order shall accompany this memorandum and order.

Dated this 12th day of June, 2006.

*/s/ Stephen N. Limbaugh/*

**SENIOR UNITED STATES DISTRICT JUDGE**

PDF created with FinePrint pdfFactory trial version www.pdffactory.com