UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KEITH STANLEY YOUNG, | ) |
| Petitioner, | ) |
| vs. | ) Case No. 4:06 CV 779 CDP |
| MICHAEL BOWERSOX, | ) |
| Respondent. | ) |

# MEMORANDUM AND ORDER

This matter is before me on petitioner's "Motion for Relief as an Independent Action under Rule 60(d)(1)(6)." Petitioner pled guilty to forcible sodomy and stealing, and that conviction was affirmed by the Missouri Court of Appeals on October 25, 1983. The Missouri Court of Appeals denied his motion for rehearing or transfer to the Missouri Supreme Court on November 30, 1983, and the Missouri Supreme Court denied his application to transfer on January 17, 1984. Petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2254 was denied by this Court on June 12, 2006, as time-barred. The Eighth Circuit Court of Appeals denied petitioner's application for a certificate of appealability on August 29, 2006, and denied motions for rehearing and for rehearing en banc on January 16, 2007.

Petitioner now seeks relief under a provision of Rule 60 which does not exist. The grounds for relief are also unclear, but it appears that petitioner is arguing that the Court made a mistake in dismissing his petition as time-barred. The Court's ruling was not in error as petitioner's habeas petition was mailed 21 years after the statute of limitations ran, so the motion is denied whether asserted under (b)(6) or (d)(1). See Gonzalez v. Crosby, 545 U .S. 524, 535–36 (2005) (Rule 60(b) motion challenging district court's previous ruling on statute of limitations was not the equivalent of a successive habeas petition); Fox v. Brewer, 620 F.2d 177, 180 (8th Cir. 1980) ("Rule 60(d) provides for extraordinary relief on a showing of exceptional circumstances.").[1]

Petitioner also seeks leave to proceed *in forma pauperis*. As petitioner was previously granted leave to proceed in this case IFP, the motion will be denied as moot.

Finally, because petitioner has not made a substantial showing of the denial of a federal constitutional right, this Court will not issue a certificate of appealability. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997) (citing Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994)) (substantial showing must be

---

[1] To the extent the motion is brought under Rule 60(b)(6), it is alternatively denied because it was not "made within a reasonable time." Fed. R. Civ. P. 60(c)(1). What constitutes "a reasonable time" depends on the circumstances, Middleton v. McDonald, 388 F.3d 614, 617 (8th Cir. 2004), but here petitioner offers no explanation for why it took him so long to seek Rule 60(b) relief after his habeas petition was denied in 2007.

debatable among reasonable jurists, reasonably subject to a different outcome on appeal, or otherwise deserving of further proceedings).

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's "Motion for Relief as an Independent Action under Rule 60(d)(1)(6)" [#20] is denied.

**IT IS FURTHER ORDERED** that petitioner's motion for leave to proceed *in forma pauperis* [#21] is denied as moot.

**IT IS FURTHER ORDERED** that this Court will not issue a certificate of appealability, as petitioner has not made a substantial showing of the denial of a federal constitutional right.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 19th day of November, 2014.